# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **NO.  EP-07-CR-2236-PRM** |
| | ) | |
| **CLINTON UDET PINCKERT,** | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S  PROPOSED JURY INSTRUCTIONS

TO THIS HONORABLE COURT:

COMES NOW the United States of America, by and through its United States Attorney for the Western District of Texas -- El Paso Division and the undersigned Assistant United States Attorney and files these requests for jury instructions. Please see the attached list of requested jury instructions.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

By: _____/s/_____

Juanita Fielden
Assistant U.S. Attorney
700 E. San Antonio Street, Suite 200
El Paso, TX  79901
(915) 534-6884 / 534-6024 (fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the  following:

Robert Perez
Attorney for Defendant
210 N. Campbell
El Paso, TX 79901


_____/s/_____
Juanita Fielden
Assistant U.S. Attorney

## <u>REQUESTED JURY INSTRUCTION No. 1</u>

## DESTRUCTION OF AN AIRCRAFT

Title 18, United States Code, Section 32(a)(5) and (8), makes it a crime for anyone to wilfully interfere or attempt to interfere with anyone engaged in the authorized operation of an aircraft in the special jurisdiction of the United States, with reckless disregard for the safety of human life.

For you to find the defendant guilty of destruction of an aircraft, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*   That the defendant willfully interfered or attempt to interfere with the person described in the indictment;

*Second*: That the person interfered with was engaged in the authorized operation of an aircraft in the special jurisdiction of the United States;

*Third:*   That the defendant did such act with reckless disregard for human life.

You are instructed that an "aircraft" means a civil, military or public contrivance invented, used, or designed to navigate, fly or travel in the air.

You are instructed that the special aircraft jurisdiction of the United States means an aircraft in flight in the United States.

**GIVEN**                            (      )

**GIVEN AS MODIFIED**      (      )

**DENIED**                         (      )

## REQUESTED JURY INSTRUCTION No. 2

## "WILLFULLY"--TO ACT

With regard to Count One and two of this indictment, the Government must prove beyond a reasonable doubt that the defendant acted willfully.  An act is done willfully if it is committed with the knowledge that it was prohibited by law or was done in disregard of a known legal obligation.  The Government must prove that the defendant acted with knowledge that his conduct was unlawful. While the Government must show that the defendant knew that his conduct was unlawful, it is not necessary for the Government to show that the defendant was aware of the specific law or rule that his conduct may have violated.

In other words, ignorance of the law, in this respect, is not an excuse.  The Government, however, must prove beyond a reasonable doubt, by reference to facts and circumstances surrounding the case, that the defendant knew that his conduct was unlawful.

Bryan vs. United States, 524 U.S. at 190, 196, & 199; 118 S.Ct. 1939 (1998)


**GIVEN**                          (      )

**GIVEN AS MODIFIED**        (      )

**DENIED**                        (      )

## REQUESTED JURY INSTRUCTION No. 3

### RECKLESS DISREGARD

A person acts with reckless disregard when he or she is aware of, but consciously disregards facts and circumstances concerning the safety of human life.

**GIVEN**                          (        )

**GIVEN AS MODIFIED**      (        )

**DENIED**                        (        )

## REQUESTED JURY INSTRUCTION No. 4

### ATTEMPT

It is a crime for anyone to attempt to commit a violation of certain specified laws of the United States. In this case, the defendant is charged with attempting to [describe the substantive offense alleged in the indictment; e.g., possess with intent to distribute a controlled substance].

For you to find the defendant guilty of attempting to commit the destruction of an aircraft, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant intended to commit [the substantive offense]; and

*Second:* That the defendant did an act constituting a substantial step toward the commission of that crime which strongly corroborates the defendant's criminal intent.

Fifth Circuit Pattern Jury Instruction 1.32 (2001).

**GIVEN**                     (      )

**GIVEN AS MODIFIED**    (      )

**DENIED**                   (      )

## REQUESTED JURY INSTRUCTION No. 5

## ASSAULTING A FEDERAL OFFICER

**Title 18, United States Code, Section 111**, makes it a crime for anyone to forcibly assault a federal officer while the officer is engaged in the performance of his official duties. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant forcibly assaulted the person described in the indictment;

*Second:* That the person assaulted was a federal officer as described below, who was then engaged in the performance of his official duty, as charged; and

*Third:* That the defendant did such acts intentionally.

*Fourth*: That in doing such acts the defendant used a deadly or dangerous weapon or inflicted bodily injury.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect immediate bodily harm, whether or not the threat or attempt is actually carried out or the victim is injured.

The term "deadly or dangerous weapon" includes any object capable of inflicting death or serious bodily injury. For such a weapon to have been "used," it must be proved that the defendant not only possessed the weapon but that the defendant intentionally

displayed it in some manner while carrying out the forcible assault. The term "bodily injury" means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought.

You are instructed that a Kirk Thomas, Special Agent of the Federal Bureau of Investigation is one of the federal officers referred to in that law, and that it is a part of the official duty of such an officer to conduct surveillance on criminal activity and assist in the apprehension of persons committing criminal acts in violation of federal.

It is not necessary to show that the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally committed a forcible assault upon that officer.

On the other hand, the defendant would not be guilty of an assault if the evidence leaves you with a reasonable doubt concerning whether the defendant knew the victim to be a federal officer and only committed such act because of a reasonable, good faith belief that the defendant needed to defend himself against an assault by a private citizen.

**Fifth Circuit Pattern Jury Instruction 2.09 (2001).**

**GIVEN**                           (       )

**GIVEN AS MODIFIED**               (       )

**DENIED**                          (       )

## REQUESTED JURY INSTRUCTION No. 6

## CONFESSION--STATEMENT--VOLUNTARINESS

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

**Fifth Circuit Pattern Jury Instruction 1.27 (2001)**.

**GIVEN**                    (      )

**GIVEN AS MODIFIED**        (      )

**DENIED**                   (      )

## <u>REQUESTED JURY INSTRUCTION No. 7</u>

## EXPERT WITNESS

During the trial you heard the testimony of Wesley Marshall, who has expressed opinions concerning the Class III green laser. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.


**GIVEN**                          (        )

**GIVEN AS MODIFIED**      (        )

**DENIED**                        (        )